IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO: 8:12-cv-02020-EAK-MAP

BRIAN A. HART and LYNN HART,
Individually and as attorney-in-fact for
MICHAEL HART,

Plaintiffs,

v.

AIDAN P. MURPHY, ANNA MARIA
INVESTMENTS, INC. d/b/a WAGNER REALTY, INC.
and BONNIE BISSETT

Defendants
_____/

## PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW, Plaintiffs, BRIAN A. HART and LYNN HART, individually and as attorney-in-fact for MICHAEL HART, and pursuant to Rule 12(f), Fed.R.Civ.P., by and through their undersigned counsel, moves to strike affirmative defenses 3, 5, 6, and 12 from the Affirmative Defenses of Defendants, ANNA MARIA INVESTMENTS, INC., d/b/a WAGNER REALTY INC., and BONNIE BISSETT [D.E. #8] and states as follows:

I. Introduction

This matter arises under the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and the Florida Fair Housing Act, 760.20, Fla. Stat., which prohibits discrimination in housing due to disability, wherein the Defendants refused to rent to Michael Hart, because he had an intellectual disability, and even refused to allow his parents, Brian Hart and Lynn Hart to guarantee the lease for their son. Michael Hart filed an administrative

complaint with the U.S. Department of Housing and Urban Development, and the Florida Commission on Human Relations, who issued a finding of reasonable cause that a discriminatory housing practice occurred. Following the finding, the Plaintiffs decided to bring suit against the defendants.

As part of their affirmative defenses, the Defendants asserted four defenses which relate to whether administrative procedures were properly exhausted, and the business judgment rule. The Defendant admits that the business judgment rule is inapplicable to this proceeding, and has agreed to withdraw that defense; however, under Gladstone v. Village of Bellwood, 441 U.S. 91, 99 S. Ct. 1601, 60 L. Ed. 2d 66 (1979), and recently reiterated in Milsap v. Cornerstone Residential Mgmt., 2010 U.S. Dist. LEXIS 8031, 13 (S.D.Fla 2010), Tarantino v. Pine Ridge N. I Condo. Ass'n, 2010 U.S. Dist. LEXIS 40754 (S.D. Fla. 2010) there is no provision for the exhaustion of administrative remedies, either in the Federal Fair Housing Act, or the substantially equivalent, Florida Fair Housing Act.

## II. Standard of Law

According to Rule 12(f), Fed.R.Civ.P., "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed.R.Civ.P.  This rule may be used to attack the legal insufficiency of a defense when it is clearly facially insufficient and despite any facts which could be proved in support of the defense or inferable from the pleadings. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991), *cert denied*, 504 U.S. 957 (1992); Oliner v. McBride's Indus, 106 F.R.D. 14, 17 (S.D.N.Y. 1985).

An affirmative defense will be held insufficient as a matter of law only if it appears

that the defendant cannot succeed under any set of facts which it could prove." On the other hand, if the court must resolve substantial questions of law or fact surrounding the defense, the court will not strike it. In general, motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." In evaluating a motion to strike, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings."

Myers v. Toojay's Mgmt. Corp, 2009 U.S. Dist. LEXIS 37556 (M.D. Fla. 2009)(Myers, J.)(internal citations omitted). However, the pleader must assert certain facts that state a plausible basis for the claim. Torres v. TPUSA, Inc., 2009 U.S. Dist. LEXIS 22033 (M.D. Fla. 2009)(*citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-6, 167 L. Ed. 2d 929 (2007). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) (quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). As to immaterial, impertinent, or scandalous matter, "when the allegations are prejudicial to the opposing party, and irrelevant to the asserted claims, they should be stricken." Franceschini v. Allstate Floridian Ins. Co., 2007 U.S. Dist. LEXIS 13268, *7 (M.D. Fla. 2007)(Presnell, J.) "Weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money' in litigating issues which can be seen to have no bearing on the outcome." *See* S.E.C. v. Weil, No. 79-440-Civ-T-H, 1980 U.S. Dist. LEXIS 12144, (M.D. Fla. Feb. 7, 1980) (internal citation omitted). Motions to strike will therefore be granted when a defense is

legally insufficient under any set of facts which may be inferred from the allegations of the pleading. *See* Glenside West Corp. v. Exxon Co., 761 F. Supp. 1100, 1114-15 (D.N.J. 1991).

III. There are no administrative preconditions under the Fair Housing Act.

The Affirmative Defenses which Plaintiffs request stricken are as follows:

> 3. Plaintiffs, Brian A. Hart and Lynn Hart, failed to exhaust all administrative remedies and satisfy all administrative prerequisites and conditions precedent to filing their Complaint. Specifically, they never personally brought a housing discrimination complaint with HUD, FCHR or any agency, and instead Michael Hart was the only person who filed such an administrative complaint. Therefore, Plaintiffs, Brian A. Hart and Lynn Hart, are precluded from filing this Complaint.
>
> 5. The allegations and claims in this Complaint are barred to the extent they are different from, and outside the scope of, the allegations made in the administrative complaint filed with HUD and investigated by FCHR, as Plaintiffs have not satisfied all administrative prerequisites or conditions precedent to filing suit regarding these new or different allegations.
>
> 6. Defendants are immune from liability for alleged failure to provide reasonable accommodation based on the business judgment rule.[1]
>
> 12. Plaintiffs' Complaint is precluded as Defendants were never provided the opportunity to enter into good faith conciliation to resolve this dispute during the administrative process.

As its most common defense, the Defendant attempts to question the nature and extent of how Mr. Hart exhausted administrative remedies. However, the issues of administrative remedies as a precondition was soundly rejected by the United States

---

[1] The Defendant has already agreed to rescind this defense.

Supreme Court in the 1978 case of <u>Gladstone, Realtors v. Village of Bellwood</u>, 441 U.S. 91; 99 S.Ct. 1601; 60 L.Ed. 2d 66 (1978) with regard to § 810 and § 812 of the Fair Housing Act:

> Although the legislative history gave little help in determining the proper scope of standing under § 810, see *Trafficante*, 409 U.S., at 210, it provides substantial and rather specific support for the view that §§ 810 and 812 are available to precisely the same class of plaintiffs. Early legislative proposals for fair housing legislation contained no administrative remedies. The nonjudicial avenue of relief was later added on the theory that it would provide a more expeditious and less burdensome method of resolving housing complaints. There is no evidence that Congress intended to condition access to the courts on a prior resort to the federal agency. **<u>To the contrary, the history suggests that all Title VIII complainants were to have available immediate judicial review. The alternative, administrative remedy was then offered as an option to those who desired to use it.</u>**

<u>Id</u>. at 441 U.S. at 105-106; 99 S.Ct. at 1610-1611; 60 L.Ed. 2d. at 80-81.(emphasis ours). In <u>Gladstone</u>, the Court found that the "Fair Housing Act section providing for enforcement, by a 'person aggrieved' in federal district court, of rights granted is not structured to keep complaints brought under it from reaching federal courts, or even to assure that administrative process runs its full course." *Id.* at 104. The Court states further that "[C]ongress intended to provide all victims of Title VIII violations two alternative mechanisms by which to seek redress: immediate suit in federal court, or a simple, inexpensive, informal conciliation procedure, to be followed by litigation should conciliation efforts fail." *Id.*

To the extent that the Defendant believes that there is any substantive difference between the standards of the Federal and the Florida Fair Housing Act, such argument is without merit. When enacting the Florida Fair Housing Act, the legislature specifically

intended to duplicate the federal cause of action. Dornbach v. Holley, 854 So.2d 211, 213 (Fla. 2d DCA 2002)("The Florida Legislature essentially codified the Federal Act when it enacted the Florida Fair Housing Act. See § § 760.20-.37, Fla. Stat. (2000).").

The only state Court to hold that there is a condition precedent under Florida law is Belletete v. Halford, 886 So.2d 308 (Fla. 4th DCA 2004), which is an anomaly and dismissed a Florida Fair Housing Act case for failure to comply with administrative preconditions. A federal court must only follow the decision of an intermediate appellate state court in *the absence of other persuasive indications* that the highest court of the state would decide otherwise. Benante v. Allstate Ins. Co., 477 F.2d 553, 554 (5th Cir. 1973); Galindo v. ARI, Mut. Ins. Co., 203 F.3d 771 (11th Cir. 2000). In Milsap v. Cornerstone Residential Mgmt., 2010 U.S. Dist. LEXIS 8031, 13 (S.D.Fla 2010), and after hearing argument from the Florida Attorney General's office, agreed with the state that Belletete was incorrectly decided by the intermediate court,, and stated as follows:

> The Belletete court did not consider Gladstone and the long line of state and federal cases in which courts interpreting the FFHA have utilized the interpretation given by federal courts of the nearly identically worded federal act. See e.g., Loren v. Sasser, 309 F.3d 1296, 1300 n.9 (11th Cir. 2002); Dornbach v. Holley, 854 So.2d 211, 212-13 (Fla. Dist. Ct. App. 2002). Because the legislative history, express language, spirit and intent of the FFHA are in direct contradiction to the Belletete ruling, this Court believes the Florida Supreme Court would not require exhaustion of administrative remedies as a prerequisite to filing a claim under the FFHA in court.

Milsap, 2010 U.S. Dist. LEXIS at 15- 16.

WHEREFORE, Plaintiff BRIAN A. HART and LYNN HART, individually and as attorney-in-fact for MICHAEL HART, respectfully request this court strike Affirmative Defenses 3, 5, 6, and 12 and grant such further relief as this court deems just

and equitable.

**CERTIFICATION OF COUNSEL**

I hereby certify that counsel for the movant has repeatedly conferred counsel for the Defendant who is affected by the relief sought in this motion in a good faith effort to resolve the issues but was only able to resolve the issue with the "business judgment" issue and no other issue in this motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing to: Brian D. Rubenstein, Esq., Cole, Scott & Kissane, P.A., 4301 W. Boy Scout Blvd., Suite 400, Tampa, Florida 33607.

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
Phone (305) 669-2822
Facsimile (305) 442-4181
E-Mail: matthewdietz@usdisabilitylaw.com

BY:  s/ Matthew W. Dietz
     MATTHEW W. DIETZ, ESQUIRE
     FL. BAR NO.: 0084905