UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN A. HART, etc., et al.,
    Plaintiffs,

vs.                                              CASE NO. 8:12-CIV-2020-T-EAK-MAP

AIDAN P. MURPHY, et al.,
    Defendants.
_____/

**ORDER**

    This cause is before the Court on the plaintiffs' motion to strike affirmative defenses (Doc. 9) and the response thereto (Doc. 10). The plaintiffs seek to strike affirmative defenses 3, 5, 6 and 12. The defendants have agreed to withdraw affirmative defense 6, related to the business judgment rule. The Court is left to address the request to strike affirmative defenses 3, 5, and 12.

    A court, pursuant to Rule 12(f), Fed.R.Civ.P, may strike an insufficient defense or a redundant, immaterial, impertinent or scandalous matter but a motion to strike should only be granted if "clearly warranted" and if a defense is insufficient as a matter of law. *Marley v. Jetshares Only, LLC*, 2011 WL 2607095, *1 (S.D. Fla. 2011). A defense is insufficient as a matter of law only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers and Repairs, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

    The three affirmative defenses still at issue assert that: 1) the Plaintiffs, Brian A. Hart

and Lynn Hart, failed to exhaust administrative remedies and satisfy prerequisites and conditions precedent by never personally bringing a housing discrimination complaint, precluding them from filing this action (affirmative defense 3); 2) the claims are barred to the extent they differ from the administrative complaint because Plaintiffs have not satisfied administrative prerequisites or conditions precedent (affirmative defense 5); and 3) the complaint is precluded because "Defendants were never provided the opportunity to enter into good faith conciliation to resolve this dispute during the administrative process." (affirmative defense 12).

The Complaint in this case sets forth two counts, denying or making a dwelling unavailable for rental and failure to reasonably accommodate, and both of them are brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601, *et seq*, and the Florida Fair Housing Act, § 760.20, *et seq*. The Plaintiffs assert that administrative remedies as a precondition to suit was rejected by *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed. 2d 66 (1978) and that the same reasoning applies to any state law claims under the Florida Fair Housing Act.

> 7. Exhaustion of administrative remedy-Unlike other remedial federal civil rights legislation, most notably employment discrimination, neither the Fair Housing Act nor Section 1982 require that a victim of a discriminatory housing practice first exhaust his administrative remedies as a precondition to filing suit. Although the Fair Housing Act provides that an aggrieved person may file a complaint with HUD, more immediate and meaningful relief is more likely obtainable if the complainant bypasses the administrative complaint process entirely and immediately files suit in federal district court. 28 AMJUR TRIALS 1

The Defendants apparently concede that there is no requirement for the Plaintiffs to have exhausted their administrative remedies under the Federal Fair Housing Act, therefore, as to that Act the affirmative defenses 3, 5 and 12 must be stricken.

The Court having reviewed the case law agrees with the reasoning from the Southern District of Florida that has concluded that there is also no requirement for exhaustion of administrative remedies under the Florida Fair Housing Act. The Southern District court found:

> Defendants make two arguments why any claims asserted pursuant to the Florida Fair Housing Act ("FFHA"), Florida Statutes Chapter 760, should be dismissed: (1) failure to exhaust administrative remedies; and (2) because Plaintiffs cannot establish a prima facie violation of either the federal or Florida Fair Housing Acts. The issue of exhaustion of administrative remedies in this context has been comprehensively addressed in a previous order of this Court. See, *Milsap, et al. v. Cornerstone Residential Management, Inc.*, et al., Case No. 05–60033, DE 405. As previously concluded, exhausting administrative remedies is not a prerequisite to filing a claim under the FFHA. (citations and footnotes omitted).

*Head v. Cornerstone Residential Management, Inc.*, 2010 WL 3781288, *6, (S.D. FLA., 2010). Accordingly, it is

**ORDERED** that the plaintiffs' motion to strike affirmative defenses (Doc. 9) be **granted** and the affirmative defenses 3, 5, 6, and 12 be stricken from the answer and affirmative defenses.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 28th day of March, 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record